Dariush G. Adli, SBN 204959
  adli@adlilaw.com
Joshua H. Eichenstein SBN 299392
  Josh.Eichenstein@adlilaw.com
ADLI LAW GROUP, PC
444 South Flower St., Suite 3100
Los Angeles, California 90071
Telephone:  (213) 623-6546

Attorneys for Plaintiff
A.C.T. 898 Products, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.C.T. 898 PRODUCTS, INC., a California Corporation,<br><br>*Plaintiff*,<br><br>vs.<br><br>CALI BEAUTY SUPPLY, INC., a California corporation; TIEN DUONG, an individual d/b/a/ CALI NAIL SUPPLY; SUSAN DO, an individual; and, DOES 1 through 10, inclusive,<br><br>*Defendants*. | Case No:<br><br>**COMPLAINT FOR:**<br><br>**1) FEDERAL TRADEMARK INFRINGEMENT;**<br>**2) COMMON LAW TRADEMARK INFRINGEMENT;**<br>**3) FALSE DESIGNATION OF ORIGIN;**<br>**4) TRADEMARK DILUTION;**<br>**5) UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE § 17200 ET SEQ.**<br>**6) TORTIOUS INTERFERENCE WITH ECONOMIC RELATIONS**<br>**7) FALSE ADVERTISING UNDER LANHAM ACT**<br>**8) COMMON LAW UNFAIR COMPETITION & FALSE DESIGNATION OF ORIGIN**<br>**9) CALIFORNIA FALSE ADVERTISING**<br><br>**DEMAND FOR JURY TRIAL** |

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

1013

Plaintiff A.C.T. 898 PRODUCTS, INC. ("Plaintiff" or "ACT") complains and alleges as follows against Defendants CALI BEAUTY SUPPLY, INC., a California Corporation ("CBSI"), TIEN DUONG, an individual ("TD") d/b/a CALI NAIL SUPPLY ("CNS"); SUSAN DO, an individual ("SDO"); and, DOES 1-10 (collectively referred to in this complaint as "Defendants").

## NATURE OF THE ACTION

1.     This lawsuit arises out of Defendants infringement of ACT's intellectual property, specifically its trademarked brand of highly successful line of cosmetic products. This is an action for federal and common law trademark infringement, False Designation of Origin, Trademark Dilution, Unfair Business Practices.

## PARTIES

2.     Plaintiff, A.C.T. 898 Products Inc., is a corporation organized and existing under the laws of the state of California, with its principal place of business in La Puente, California.

3.     Upon information and belief, Defendant Cali Beauty Supply Inc., ("CBSI") is a California Corporation with its principal place of business at 9081 Bolsa Ave Unit 101-102 Westminster CA 92683.

4.     Upon information and belief, Defendant TIEN DUONG is an individual and co-owner of CBSI with a residence in Westminster, CA. Upon information and belief Susan Do is the spouse of TIEN DUONG.

5.     Upon information and belief, Defendant TIEN DONG also does business under the fictitious business name Cali Nail Supply, with its business address at 9081 Bolsa Ave Unit 101-102 Westminster CA 92683.

6.     Upon information and belief, Defendant Susan Do is an individual and co-owner of CBSI with a residence in Westminster, CA. Upon information and belief Susan Do is the spouse of TIEN DUONG.

7.     Defendant CBS is a corporation organized and existing under the laws of the state of California, with its principal place of business in Westminster,

California.

8.    Upon information and belief, Plaintiff alleges that Defendant Duong is an individual, residing in Orange County, California, and is an owner and/or principal of Cali.

9.    Plaintiff is informed and believes, and thereon alleges, that Defendant Duong is an individual, residing in Orange County, California, and is an owner and/or principal of Cali.

10.    Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate, partnership, or otherwise, of each of the Defendants sued in this complaint as Does 1 through 10, inclusive, and consequently sues those Defendants by those fictitious names. Those unnamed defendants include, but are not limited to: (a) officers and/or directors who acted in concert with Defendants against Plaintiff; (b) other entities affiliated with Defendants that acted in concert with Defendants against Plaintiff; and (c) individuals or entities with whom Defendants acted in concert against Plaintiff.  Plaintiff reserves the right to name those Does as discovery from Defendants reveal their identities.

11.    Upon information and belief, Plaintiff alleges that each of the Defendants named in this complaint as a Doe, was and is negligently and/or intentionally responsible in some manner for the occurrences alleged in this complaint, and the injuries and damages suffered by Plaintiff as alleged in this complaint were the direct and proximate result of, and caused by the acts and omissions of, the Defendants.

12.    All of the Defendants, including the Doe Defendants, are alleged to be co-conspirators with each other, in that each agreed to participate and participated in the furtherance of the objective of a civil wrong as alleged in this Complaint.

13.    Each of the Defendants are alleged to be co-conspirators with each other Defendant, in that each agreed to participate, and did participate, in the furtherance of the objective of the civil wrongs alleged in this complaint, pursuant to a common

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

1013

scheme, course of action, enterprise and/or conspiracy.

14.    Upon information and belief, Plaintiff alleges that each Defendant named in the Conspiracies mentioned in paragraph 18 above, entered into one or more Conspiracies and/or agreements with other respective Defendants, and/or subsequently joined those Conspiracies, and ratified the prior acts and conduct of the Defendants who had previously entered into those Conspiracies. Plaintiff is currently unaware of when each respective Defendant joined one or more Conspiracies, and upon information and belief, alleges that each respective Defendant joined those Conspiracies and, further upon information and belief, alleges that all respective Defendants have knowingly, maliciously, and willfully entered into those Conspiracies, which continue until this day. The purposes of these ongoing Conspiracies include, but are not limited to, the wrongs alleged in this complaint. All respective Defendants' acts and/or failures to ACT, as alleged in this complaint, were perpetrated in furtherance of the ongoing Conspiracies into which they entered.

15.    Upon information and belief, Plaintiff alleges that, at all material times, each DOE Defendant was the agent, employee and/or working in concert with other respective DOE Defendants, and was acting within the course and scope of such agency, employment and/or concerted activity.

16.    To the extent that certain acts and/or omissions were perpetrated by certain Defendants, the remaining respective Defendants confirmed and ratified those acts and/or omissions, as applicable.

17.    Whenever and wherever reference is made in this complaint to any ACT and/or failure to ACT by a respective Defendant or Defendants, those allegations and reference also mean the acts and/or failures to ACT of each other respective Defendant, acting individually, jointly, and/or severally, as applicable.

18.    Whenever and wherever reference is made to individuals who are not named as Plaintiff or Defendants in this complaint, but were employees/agents of one or more Defendants, those individuals acted on behalf of those Defendants, within

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

3
COMPLAINT

1013

the scope of their employment/agency.

19.    At all times relevant, each respective Defendant was the employer, joint employer, and/or agent of each of the other respective Defendants, as applicable.

20.    Upon information and belief, Plaintiff alleges that the Court can pierce the entity veil of Cali, and the corporate veil of CBS ("Entity Defendants"), and hold Duong, Do and other individual Defendants ("Individual Defendants") individually liable, because of the following improper activities:

a.    failed to maintain and/or observe corporate formalities, and violated Corporate By-Laws, by without limitation, failing and/or refusing to hold annual, proper Board of Directors and/or Shareholder meetings;

b.    failed to maintain and/or observe corporate formalities when they prevented shareholders to regularly elect the Board of Directors, in violation of the Corporate By-Laws;

c.    failed to maintain and/or observe corporate formalities, when they failed to keep minutes and/or file corporate tax returns;

d.    Individual Defendants commingled corporate funds with their personal funds; and,

e.    Individual Defendants under-capitalized the Entity Defendants.

21.    Based upon the foregoing, upon information and belief, Plaintiff alleges that the Entity Defendants are the alter egos of the Individual Defendants, and each other, and consequently, Plaintiff may proceed against all such respective Defendants directly, as they are each liable jointly and severally for any and all damages suffered by Plaintiff.

22.    Plaintiff is informed and believes, and thereon alleges that Defendants Duong, Do, and DOES 1 through 3, inclusive ("Individual Defendants 1") are, and at all relevant times were, owners of all or a controlling interest of Cali, CBS, and/or DOES 4 through 6, inclusive ("Entity Defendants 1"), and that there existed between the Individual Defendants 1 and Entity Defendants 1, and each of them, a unity of

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

1013

interest and ownership, such that any individuality or separateness of these Defendants never existed or has ceased, and that the Entity Defendant 1 are the alter egos of the Individual Defendants 1, and each other.

23.    Upon information and belief, Plaintiff alleges that Individual Defendants 1 dominated and controlled the business affairs of the Entity Defendants 1, and each of them. As a result, adherence to the fiction of a separate existence between these Defendants would permit an abuse of the corporate privilege, would sanction fraud, and promote injustice.

24.    Based upon the foregoing, upon information and belief, Plaintiff alleges the Entity Defendants 1 are the alter egos of the Individual Defendants 1, and each other. Consequently, Plaintiff may proceed against all such respective Defendants directly, as they are each liable jointly and severally, for any and all damages suffered by Plaintiff.

25.    Whenever appearing in this complaint, all references to "Defendant(s)" is, and is intended to be, a reference to all such respective Defendants in this action, and each of them, named and unnamed, including all fictitiously named Defendants.

## **JURISDICTION**

26.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, for original jurisdiction over federal claims, in that this action arises under a claim for trademark infringement.

27.    The Court has supplemental jurisdiction over the claims in this Complaint which arise under state statutory and common law, pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims, that they form part of the same case or controversy, and derive from a common nucleus of operative facts. This action is not a collusive action designed to confer jurisdiction on a court of the United States that it would not otherwise have.

28.    This Court has personal jurisdiction over Defendants, by virtue of all Defendants' purposeful contact with this district, including, on information and

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

5

COMPLAINT

belief, substantial business conducted with customers residing in this district; and, for alleged multiple, intentional infringing activity occurring in California.

29.    Upon information and belief, Plaintiff alleges that this Court has personal jurisdiction over the all Defendants, because they have a continuous, systematic, and substantial presence within this judicial district.

30.    Upon information and belief, Plaintiff alleges that this Court has personal jurisdiction over the Defendants, because the Defendants also did business in this judicial district, prior to the date of this complaint, with respect to the causes of action on which the complaint is based, such as converting the Plaintiff's property, and tortuously interfering with Plaintiff's economic advantage.

31.    Upon information and belief, Plaintiff alleges that this Court has personal jurisdiction over all the Defendants; because the Defendants also took actions which caused effects in this judicial district, such as converting Plaintiff's property, and tortuously interfering with Plaintiff's economic advantage.

Venue is proper in this judicial district, pursuant to 28 U.S.C. §§1391(b) and (c), and §§1400 (a) and (b), because Defendants reside in this district, conduct business in this district, and a substantial part of the events giving rise to the causes of action in this complaint occurred in this district.

## **FACTUAL ALLEGATIONS**

32.    Plaintiff is in the business of providing the manufacture, distribution, and wholesale supply of beauty products, specifically including, but not limited to, nail art brushes, across the U.S. and around the world, and has been in that business since 1997. ACT uses several trade names and marks to identify its services and products, specifically including, *inter alia*, "777." (the "777 MARK") for its acrylic nail brushes.

33.    Plaintiff is in the business of providing the manufacture, distribution, and wholesale supply of beauty products, specifically including, but not limited to, nail art brushes, across the U.S. and around the world, and has been in that business

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

1013

since 1997. ACT uses several trade names and marks to identify its services and products, specifically including, *inter alia*, "777." (the "777 MARK") for its acrylic nail brushes.

34.    ACT was the first entity to use the 777 MARK in association with acrylic nailbrushes in the retail beauty product community in the U.S. and around the world. As a result of ACT's widespread usage of the 777 MARK, the 777 MARK have become extensively known and ACT has become identified in the public mind as the provider of the acrylic brushes identified by the 777 MARK.

35.    ACT has applied for and has obtained several United States trademarks, including U.S. Trademark Registration numbers 3,893,221, for its 777 MARK, and 3,893,224 for its 999 MARK.  Attached hereto as Exhibits A and B are a true and correct copies of the trademark registration for the 777 and 999 MARKS, (collectively referred to as "MARKS") which is incorporated herein by reference.

36.    The MARKS have not been abandoned, canceled, or revoked.

37.    The MARKS include federally registered trademarks as well as common law trademark rights.

38.    Since at least the 1997, when ACT launched its advertising, marketing and directory services, and up to the present, ACT has extensively developed, promoted, advertised, and marketed its brands, including, but not limited to, the MARKS.

39.    ACT has spent significant amounts of money and resources developing, promoting, and advertising its MARKS so that the public recognizes the services associated with the 777 and 999 MARKs, and recognizes that they come from ACT.

40.    As a result of the widespread use and display of the  MARKS as a distinctive trademark identifying, *inter alia*, acrylic brushes, (a) the public has come to recognize and identify products bearing the 777 and 999 MARKS as emanating from ACT; (b) the public recognizes that services bearing the 777 and 999 MARKS constitute high quality, dependable acrylic nail brushes that conform to the standards

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

1013

of quality and care created by ACT; (c) the 777 and 999 MARKS established a strong secondary meaning and extensive goodwill throughout the world among the retail beauty product community; and (d) the 777 and 999 MARKS have achieved incontestable status.

41.     Beginning in or about 2015 or 2016, Plaintiff became aware that Defendants were selling nail brushes substantially identical to Plaintiff's, branded with the names/marks "7777F", and "9999" (individually and collectively, the "Counterfeit Products"). These sales were taking place in Defendants' retail store, on their and other websites, and on the sites of online retailers. A copy of a screen shot of Defendants' website, showing the "7777F" Counterfeit Products available for sale there, is attached as Exhibit C to this complaint, and incorporated into it by this reference.

42.     On or about September 1, 2017, Plaintiff sent Defendants a letter demanding, without limitation, that: Defendants immediately cease and desist from any further sales or marketing of the Infringing Products; Defendants provide Plaintiff with substantiation of from whom they purchased, or otherwise obtained, the Infringing Products; Defendants recall all Infringing Products, and all materials related to them, from sub-distributors and others to whom Defendants had provided Infringing Products; Defendants provide Plaintiff with any and all documentation in any manner referencing the Infringing Products, including but not limited to, manufacturing, shipping, sales, factoring and banking records and accountings; and, turn over to Plaintiff all remaining inventory of Infringing Products.

43.     On or about September 3, 2017, Defendants responded to Plaintiff's September 1 letter, admitting without limitation, that they were selling the Infringing Products, and stating that they would no longer sell them. A true and correct copy of this email is attached as Exhibit D to this complaint, and incorporated into it by this reference.

44.     Despite Defendants' September 3, 2017 email, subsequent

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

1013

conversations between Plaintiff's and Defendants' representatives, and assurances by Defendants, Defendants continued to sell the Infringing Products to the public, in repeated and intentional infringement of Plaintiff's valuable trademarks. A photo of one of the Infringing Products, bought on October 26, 2017 from Defendants, is attached as Exhibit E to this complaint, and incorporated into it by this reference.

45.     Since at least July 1997, when Plaintiff began using the Marks in connection with the subject goods, and uninterrupted up to the present, Plaintiff has extensively developed, promoted, advertised, and marketed the Marks.

46.     Plaintiff has spent significant amounts of money and resources developing, promoting, and advertising the Marks, so that the public recognizes the goods associated with the Marks, and recognizes the Marks come from Plaintiff.

47.     As a result of Plaintiff's widespread use and display of each of the Marks as a distinctive trademark, identifying nail and cosmetic brushes: (a) the public has come to recognize and identify goods bearing any of the Marks as emanating from Plaintiff; (b) the public recognizes that goods bearing any of the Marks, constitute high quality, dependable goods that conform to the standards of quality and care created by Plaintiff; and, (c) each of the Marks has established strong secondary meaning, and extensive goodwill throughout the world among users of these brushes.

48.     Plaintiff also owns a website which contains and uses the Marks for nail and cosmetic brushes associated with the Marks.

49.     Upon information and belief, Plaintiff alleges that Defendants know that they have no ownership interest in and/or to the Marks, since their inception.

50.     Defendants have been using trademarks which are identical to, closely similar to, or substantially indistinguishable from, the Marks, ("Infringing Marks") to promote and sell their nail and cosmetic brushes, without Plaintiff's permission or authorization.

51.     Upon information and belief, Plaintiff alleges that Defendants have made the aforementioned uses of the Infringing Marks intentionally, with knowledge

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

COMPLAINT

1013

and deliberate disregard, in order to without limitation, unfairly compete with Plaintiff, confuse the public as to the source of the Infringing Products, and that the Infringing Products were Genuine Products, and not inferior counterfeits of Plaintiff's products.

**FIRST CLAIM FOR RELIEF**

**(Federal Trademark Infringement and Counterfeiting)**

**(15 U.S.C. § 1114)**

**(Against All Defendants)**

52.    Plaintiff repeats and re-alleges the allegations of paragraphs 1-52 of this complaint, as if fully set forth here.

53.    This is a claim for trademark infringement and counterfeiting, arising under 15 U.S.C. § 1114.

54.    As set forth above, Defendants have engaged in acts of direct infringement by the use of the 777 and 999 MARKS without ACT's consent.

55.    As set forth above, Defendants, and each of them, are directly liable for the direct acts of infringement committed by them.

56.    Long after Plaintiff's adoption and use of each of the Marks, Defendants adopted and used in commerce the identical or confusingly similar versions of the Marks, by selling brushes marked "7777F" and "9999" without Plaintiff's consent, in a manner that infringes upon Plaintiff's rights in the Marks in violation of 15 U.S.C. § 1114.

57.    Without Plaintiff's consent, Defendants' use in commerce of the Infringing Marks, which are confusingly similar to the Marks, in connection with the promotion, marketing, advertising of goods, is likely to cause confusion, or to cause mistake, or to deceive.

58.    Upon information and belief, Plaintiff alleges Defendants did so with actual knowledge of Plaintiff's ownership and prior, continuous use of the Marks, and with the intent to unfairly compete with Plaintiff, to trade upon Plaintiff's

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

1013

reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive the public into believing that Defendants' goods are associated with, sponsored by, originate from, or are approved by Plaintiff, when they are not.

59.    Plaintiff is informed and believes, and thereon alleges, that Defendants' activities constitute willful and intentional infringement, and counterfeiting of the Marks, directly and/or indirectly, in total disregard of Plaintiff's proprietary rights, and were done despite Defendants' knowledge that the use of the Infringing Marks was and is in direct contravention of Plaintiff's rights.

60.    Upon information and belief, Plaintiff alleges that Defendants have derived and received, and will continue to derive and receive, gains, profits, and advantages from the use of the Infringing Marks, in an amount not presently known to Plaintiff. By reason of the actions of Defendants, constituting unauthorized use of the Marks, Plaintiff has been damaged and is entitled to monetary relief, in an amount to be determined at trial.

61.    Due to the actions of Defendants, constituting unauthorized use of the Marks, Plaintiff has suffered, and continues to suffer, great and irreparable injury, for which Plaintiff has no adequate remedy at law.

### SECOND CLAIM FOR RELIEF

### (Federal Unfair Competition & False Designation of Origin)

### (15 U.S.C. § 1125(a))

### (Against All Defendants)

62.    Plaintiff repeats and re-alleges the allegations of paragraphs 1-62 of this Complaint, as if fully set forth here.

63.    This is a claim for unfair competition and false designation of origin, arising under 15 U.S.C. § 1125(a).

64.    As set forth above, Defendants have engaged in acts of direct infringement by the use of one or more of the Marks, without Plaintiff's consent.

65.    The direct and indirect use of the Marks by Defendants, without

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

11

1013

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

Plaintiff's consent, constitutes a false designation of origin, false or misleading description of fact, and/or false or misleading representation of fact, any or all of which is likely to cause confusion, or to cause mistake, and/or to deceive, as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods or commercial activities by another person, in violation of 15 U.S.C. § 1125(a).

66.    The direct and indirect use of the Marks by Defendants, without Plaintiff's consent, also constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods or commercial activities in violation of 15 U.S.C. § 1125(a).

67.    This conduct by Defendants is likely to confuse, mislead, and/or deceive customers, and members of the public, as to the origin and authenticity of the Infringing Products, or cause those persons to believe that Defendants and/or their merchandise and services, have been sponsored, approved, authorized, and/or licensed by Plaintiff, or are in some way affiliated or connected with Plaintiff, when they are not, all in violation of 15 U.S.C. § 1125(a).

68.    Upon information and belief, Plaintiff alleges that the actions of Defendants were undertaken willfully, with full knowledge of the falsity of such designation of origin, and false descriptions and/or representations.

69.    Upon information and belief, Plaintiff alleges that Defendants have derived and received, and will continue to derive and receive, gains, profits, and advantages from Defendants' false designation of origin, false or misleading statements, descriptions of fact, and/or false or misleading representations of fact, in an amount that is not presently known to Plaintiff.

70.    By reason of the Defendants' actions, constituting false designation of origin, false or misleading statements, false or misleading descriptions of fact, and/or

1013

false or misleading representations of fact, Plaintiff has been damaged and is entitled to monetary relief, in an amount to be determined at trial.

71.    Due to Defendants' actions constituting false designation of origin, false or misleading statements, false or misleading description of fact, and/or false or misleading representations of fact, Plaintiff has suffered, and continues to suffer, great and irreparable injury, for which Plaintiff has no adequate remedy at law.

**THIRD CLAIM FOR RELIEF**

**(Federal Trademark Dilution)**

**(15 U.S.C. § 1125(c))**

**(Against All Defendants)**

72.    Plaintiff repeats and re-alleges the allegations of paragraphs 1-72 of this Complaint, as if fully set forth here.

73.    This is a claim for trademark dilution under 15 U.S.C. § 1125(c).

74.    The goods and services offered by Plaintiff under the Marks have been widely advertised, promoted, and distributed throughout the United States, and the world.

75.    Goods and services offered under the Marks have come to be known to consumers throughout the world, as representing goods and services which are offered by Plaintiff under sound merchandising and customer service conditions. As a result, the Marks, and the goodwill associated with them, are of great value to Plaintiff.

76.    By virtue of the wide renown acquired by the Marks, coupled with the national and international distribution and extensive use of products offered under the Marks, each of the Marks has become famous.

77.    Upon information and belief, Plaintiff alleges that once Defendants began to use Marks on the Infringing Products, which are identical, closely resemble, or are substantially indistinguishable from Plaintiff's products bearing the Marks, Plaintiff began to receive calls from its customers, and others, claiming that they were

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

1013

confused when they realized that the Infringing Products were not affiliated with Plaintiff.

78.    Plaintiff has also seen a reduction in its business since Defendants began to promote, advertise, sell, and otherwise use marks which are identical, closely resemble, and/or are substantially indistinguishable from one or both of the Marks.

79.    Upon information and belief, Plaintiff alleges that the actions of Defendants were done willfully, with the intent to exploit Plaintiff's reputation, and to dilute the Marks.

80.    By reason of Defendants' actions, which constitute trademark dilution, Plaintiff has been damaged and is entitled to monetary relief, in an amount to be determined at trial.

81.    Due to the Defendants' which constitutes trademark dilution, Plaintiff has suffered, and continues to suffer, great and irreparable injury, for which Plaintiff has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF

### (California Common Law Trademark Infringement)

### (Against All Defendants)

82.    Plaintiff repeats and re-alleges the allegations of paragraphs 1-82 of this Complaint as if fully set forth here.

83.    This is a claim for trademark infringement, arising under California common law.

84.    The Defendants' acts complained of in this complaint, constitute trademark infringement under California common law. Upon information and belief, Plaintiff alleges that Defendants' acts complained of in this complaint, are willful and deliberate, and committed with knowledge that the unauthorized use of the Marks by Defendants causes a likelihood of confusion.

85.    Upon information and belief, Plaintiff alleges that Defendants have derived and received, and will continue to derive and receive, gains, profits and

ADLI LAW GROUP, P.C.

www.adlilaw.com

(213) 623-6546

1013

advantages from their trademark infringement, in an amount not presently known to Plaintiff. By reason of Defendants' wrongful acts, as alleged in this complaint, Plaintiff has been damaged, and is entitled to monetary relief, in an amount to be determined at trial.

86.   Due to Defendants' trademark infringement, Plaintiff has suffered, and continues to suffer, great and irreparable injury, for which Plaintiff has no adequate remedy at law.

87.   The willful acts of trademark infringement perpetrated by Defendants under California common law constitute fraud, oppression, and malice. Accordingly, Plaintiff is entitled to exemplary damages.

## FIFTH CLAIM FOR RELIEF

### (California Unfair Competition)

### (Against All Defendants)

88.   Plaintiff repeats and re-alleges the allegations of paragraphs 1-88 of this Complaint, as if set forth fully here.

89.   This is a claim for unfair competition, arising under California Business & Professions Code § 17200, et seq.

90.   Defendants' acts of trademark infringement, false designation of origin, and trademark dilution complained of in this complaint, constitute unfair competition with Plaintiff, under the laws of the State of California, particularly California Business & Professions Code § 17200 et seq.

91.   Upon information and belief, Plaintiff alleges that Defendants have derived and received, and will continue to derive and receive, gains, profits, and advantages, from Defendants' unfair competition, in an amount that is not presently known to Plaintiff. By reason of Defendants' wrongful acts of unfair competition, as alleged in this complaint, Plaintiff has been damaged, and is entitled to monetary relief in an amount to be determined at trial.

92.   By their actions, Defendants have irreparably injured and violated, and

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

1013

continue to irreparably injure and violate, the rights of Plaintiff, and such irreparable injury will continue, unless Defendants are enjoined by this Court.

## SIXTH CLAIM FOR RELIEF

### (Tortious Interference with Economic Relations)

### (Against All Defendants)

93.    Plaintiff repeats and re-alleges the allegations of paragraphs 1-93 of this complaint as if fully set forth here.

94.    This is a claim for tortious interference with prospective economic relations, under California law.

95.    As stated above, Defendants had knowledge of, and were familiar with, Plaintiff and the Marks. Upon information and belief, Plaintiff alleges that Defendants have derived and received, and will continue to derive and receive, gains, profits, and advantages, from these activities including without limitation, by interfering with Plaintiff's exclusive right to sell and license their products branded with the Marks, to existing and new customers.

96.    Upon information and belief, Plaintiff alleges that Defendants acted with the intent to harm Plaintiff financially, to: induce Plaintiff's customers to sever their business relationship with Plaintiff, and secure from Defendants, what Defendants misrepresented as Genuine Products bearing the Marks; and, to obtain customers for the Infringing Products, which customers would have otherwise obtained the Genuine Products bearing the Marks, from Plaintiff.

97.    As a proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer damages to its business, reputation and good will. In addition, Plaintiff has and will incur loss of revenues and profits, which would not have occurred in the absence of Defendants' wrongful conduct.

98.    By reason of Defendants' wrongful acts of tortious interference with prospective economic relations, Plaintiff has been damaged, and is entitled to monetary relief in an amount to be determined at trial.

99.    Due to Defendants' wrongful actions, which constitute tortious interference with prospective economic relations, Plaintiff has suffered, and continues to suffer, great and irreparable injury, for which Plaintiff has no adequate remedy at law.

## SEVENTH CLAIM FOR RELIEF

### (Trademark Infringement by Imitating and False Advertising)

### (15 U.S.C. § 1114(a) and (b))

### (Against All Defendants)

100.    Plaintiff repeats and re-alleges the allegations of paragraphs 1-100 of this Complaint, as if set full set forth here.

101.    This is a claim for trademark infringement by imitating, and false advertising arising under 15 U.S.C. § 1114(a) and (b).

102.    As set forth above, Defendants have engaged in acts of intentional and direct infringement, by the use of one or more of the Marks without Plaintiff's consent.

103.    As set forth above, Defendants are directly liable for the direct acts of infringement committed by them.

104.    Upon information and belief, long after Plaintiff's adoption and use of each of the Marks, Defendants adopted, used in commerce, and continue to use in commerce, Marks which are identical, closely resemble, or are substantially indistinguishable from, one or all of the Marks, without Plaintiff's consent, in a manner that infringes upon Plaintiff's rights in the Marks in violation of 15 U.S.C. § 1114(a).

105.    Without Plaintiff's consent, Defendants' use of marks in commerce, which are identical, closely resemble, or are substantially indistinguishable, from one or all of the Marks, in connection with the promotion, marketing, advertising of the Infringing Products, is likely to cause confusion, or to cause mistake, or to deceive.

106.    Upon information and belief, Plaintiff alleges that Defendants did so

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

1013

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

with actual knowledge of Plaintiff's ownership and prior use of the Marks, and with the intent to unfairly compete with Plaintiff, to trade upon Plaintiff's reputation and goodwill, by causing confusion and mistake among customers and the public, and to deceive the public into believing that Defendants' Infringing Products are associated with, sponsored by, originate from, or are approved by, Plaintiff, when they are not.

107.   Upon information and belief, Plaintiff alleges that Defendants acted willfully and intentionally to infringe the Marks, directly and/or indirectly, in total disregard of Plaintiff's proprietary rights, and did so despite Defendants' knowledge that the use of the Marks was and is in direct contravention of Plaintiff's rights.

108.   Upon information and belief, Plaintiff alleges that Defendants have derived and received, and will continue to derive and receive, gains, profits, and advantages from the use of the Marks, in an amount that is not presently known to Plaintiff.  By reason of these actions of Defendants, constituting unauthorized use of the Marks, Plaintiff has been damaged and is entitled to monetary relief in an amount to be determined at trial.

109.   Due to these actions of Defendants constituting unauthorized use of the Marks, Plaintiff has suffered, and continues to suffer, great and irreparable injury, for which Plaintiff has no adequate remedy at law.

### EIGHTH CLAIM FOR RELIEF

**(Common Law Unfair Competition & False Designation of Origin)**

**(Palming or Passing Off)**

**(Against All Defendants)**

110.   Plaintiff repeats and re-alleges the allegations of paragraphs 1-110 of this complaint, as if fully set forth here.

111.   This is a claim for common law unfair competition, and false designation of origin.

112.   As set forth above, upon information and belief, Plaintiff alleges that Defendants have used marks which closely resemble, and are substantially

18

1013

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

1  indistinguishable from, one or both of the Marks, without Plaintiff's consent.

2  113. In fact, Plaintiff has received communications from its customers,
3  indicating that they were deceived and confused by the Defendants' use of marks on
4  the Infringing Products which closely resemble and are substantially
5  indistinguishable from one or both of the Marks.

6  114. The use of marks by Defendants which are identical, closely resemble,
7  or are substantially indistinguishable from one or both of the Marks, without
8  Plaintiff's consent, constitutes a false designation of origin, false or misleading
9  description of fact, or false and/or misleading representation of fact, which has and is
10 likely to further cause confusion, or to cause mistake, or to deceive, as to the source
11 of the subject goods of Defendants.

12 115. Such conduct by Defendants has and is likely to further confuse,
13 mislead, and deceive Plaintiff's and Defendants' customers, and members of the
14 public, as to the origin of Infringing Products, or cause those persons to believe that
15 Defendants and/or the Infringing Products have been sponsored, approved,
16 authorized, or licensed by Plaintiff, or are in some way affiliated or connected with
17 Plaintiff, when they are not.

18 116. Upon information and belief, Plaintiff alleges that the actions of
19 Defendants were undertaken willfully, with full knowledge of the falsity of those
20 designations of origin, false descriptions, and representations.

21 117. Upon information and belief, Plaintiff alleges that Defendants have
22 derived and received, and will continue to derive and receive, gains, profits, and
23 advantages from Defendants' false designation of origin, false or misleading
24 statements, descriptions of fact, and/or false or misleading representations of fact, in
25 an amount that is not presently known to Plaintiff.

26 118. By reason of the actions of Defendants, which constitute false
27 designation of origin, false or misleading statements, false or misleading descriptions
28 of fact, and/or false or misleading representations of fact, Plaintiff has been damaged,

1013

and is entitled to monetary relief in an amount to be determined at trial.

119.  Due to the actions of Defendants, which constitute false designation of origin, false or misleading statements, false or misleading description of fact, and/or false or misleading representations of fact, Plaintiff has suffered and continues to suffer great and irreparable injury, for which Plaintiff has no adequate remedy at law.

**NINTH CLAIM FOR RELIEF**

**(California False Advertising)**

**(Against All Defendants)**

120.  Plaintiff repeats and re-alleges the allegations of paragraphs 1-120 of this complaint, as if fully set forth here.

121.  This is a claim for false advertising, arising under California Business & Professions Code §17500.

122.  As set forth above, upon information and belief, Plaintiff alleges that Defendants have used the Marks, without Plaintiff's consent, in their advertising, using marks that are identical to, or closely resemble and are substantially indistinguishable from, one or both of the Marks.

123.  In fact, Plaintiff has received communications from its customers and others, indicating that they were deceived and confused by the use of the marks on the Infringing Products, which are identical, closely resemble, and/or are substantially indistinguishable from one or all of the Marks.

124.  The use of marks by Defendants, on or in connection with the Infringing Products, which marks are identical, closely resembles, and/or are substantially indistinguishable from, one or all of the Marks, is misleading, has and is likely to further mislead, cause confusion, cause mistake, and/or to deceive, as to the source of the Infringing Products.

125.  Such conduct by Defendants has and is likely to further confuse, mislead, and/or deceive Plaintiff's customers, and others, as to the origin of Defendants' subject goods, and/or cause said persons to believe that Defendants'

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

1013

and/or their merchandise, have been sponsored, approved, authorized, and/or licensed by Plaintiff, or are in some way affiliated or connected with Plaintiff, when they are not.

126.   Upon information and belief, Plaintiff alleges that the actions of Defendants were undertaken in an attempt to divert and secure Plaintiff's customers and business from Plaintiff.

127.   Upon information and belief, Plaintiff alleges that the actions of Defendants were undertaken willfully, with full knowledge that using marks which are identical to, or closely resemble and are substantially indistinguishable from, one or both of the Marks, would mislead Plaintiff's customers, and would also mislead the general consuming public.

128.   Upon information and belief, Plaintiff alleges that Defendants have derived and received, and will continue to derive and receive, gains, profits, and advantages from the false advertising of Defendants, in an amount not presently known to Plaintiff.

129.   By reason of the actions of Defendants, which constitute false or misleading advertising, Plaintiff has been damaged, and is entitled to monetary relief in an amount to be determined at trial.

130.   Due to the actions of Defendants, which constitute false or misleading advertising, Plaintiff has suffered, and continues to suffer, great and irreparable injury, for which Plaintiff has no adequate remedy at law.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

COMPLAINT

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

1013

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment in its favor against Defendants, for the following relief:

    A.    A preliminary and permanent injunction against Defendants, their officers, agents, servants, employees, representatives, successors, and assigns, and all persons, firms, or corporations in active concert or participation with Defendants, enjoining them from engaging in the following activities and from assisting or inducing, directly or indirectly, others to engage in the following activities:

    1.    using any of the 777 MARK, 999 MARK or any other mark, symbol, or logo that is confusingly similar to any of the 777 MARK and 999 MARK on or in connection with any products, including but not limited to, marketing, advertising and selling or offering for sale acrylic nail brushes;

    2.    falsely designating the origin of Defendants' products;

    3.    unfairly competing with ACT in any manner whatsoever;

    4.    making false or misleading statements, descriptions of fact, or false or misleading representations of fact;

    5.    causing a likelihood of confusion or injuries to ACT's business reputation; and

    6.    manufacturing, using, displaying, distributing, or selling any goods that infringe any of the 777 or 999 MARKS.

    B.    That Defendants be required to account for any and all profits derived by their acts of trademark infringement, false designation of origin, trademark dilution, and unfair competition complained of in this Complaint.

    C.    That Defendants' acts of trademark infringement and counterfeiting, false designation of origin, trademark dilution and unfair competition, complained of in this Complaint be deemed willful, that this be deemed an exceptional case, and that ACT be entitled to enhanced damages.

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

1013

D.     That ACT be awarded damages for Defendants' trademark infringement and counterfeiting pursuant to 15 U.S.C. § 1117 in the form of either: (i) Defendants' profits, damages sustained by ACT, and the costs of the action; or (ii)statutory damages pursuant to 15 U.S.C. § 1117(c), at ACT's election before the entry of a final judgment.

E.     That the amount of the profits or damages be increased three times, pursuant to 15 U.S.C. §1117(b), to properly compensate ACT for Defendants' actions.

F.     The ACT be awarded damages for Defendants' common law trademark infringement, and unfair competition pursuant to California Business & Professions Code § 17200 et seq and § 17500.

G.     That Defendants' acts of trademark infringement and unfair competition complained of in this Complaint be deemed willful; that this be deemed an exceptional case; and that ACT be entitled to enhanced damages.

H. An award of pre-judgment and post-judgment interest and costs of this action against Defendants.

I.     An award of attorneys' fees and costs.

J.     Such other and further relief as this Court may deem just.

Respectfully submitted,


ADLI LAW GROUP, P.C.


Dated: January 12, 2018          By    /s/ Dariush Adli
                                       _____
                                       Dariush Adli
                                       Joshua Eichenstein
                                       Attorneys for Plaintiff
                                       A.C.T. 898 Products, Inc.

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

23
COMPLAINT

1013

1

## **DEMAND FOR JURY TRIAL**

2

3 Plaintiff A.C.T. 898 PRODUCTS, INC. demands a trial by jury on all triable claims.

4                                          ADLI LAW GROUP, P.C.

5

6 Dated: January 12, 2018          By   /s/ Dariush Adli

7                                          Dariush Adli
                                         Joshua Eichenstein
8                                          Attorneys for Plaintiff
                                         A.C.T. 898 Products, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

1013

24